UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) No.: 4:18-cr-00975-CDP (JMB) |
| | ) |
| DUSTIN BOONE, | ) |
| CHRISTOPHER MEYERS, and | ) |
| STEVEN KORTE, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT STEVEN KORTE'S MOTION TO DISMISS
COUNT THREE AND COMBINED MEMORANDUM OF LAW IN SUPPORT**

COMES NOW Defendant, Steven Korte ("Defendant" or "Korte"), by and through undersigned counsel, pursuant to Federal Rules of Criminal Procedure 12(b)(3), and respectfully requests this Court dismiss count three of the superseding indictment because it fails to state an offense.

**MEMORANDUM IN SUPPORT OF DEFENDANT
KORTE'S MOTION TO DISMISS COUNT THREE**

**I.      Statement of Facts**

On December 12, 2019, a superseding indictment [Doc. # 136] (the "indictment") was returned in this case, charging Korte and two other defendants with crimes related to the St. Louis Metropolitan Police Department's ("SLMPD") response to protests resulting from Officer Stockley's acquittal in September 2017. Count I of the indictment alleges that all three defendants, including Korte, "while aiding and abetting each other, and others, while acting under color of law, willfully deprived L.H. of the right to be free from unreasonable seizure, . . . which includes the right to be free from unreasonable force" and that the alleged actions "resulted in bodily injury to L.H." Count III alleges

1

that Korte "did willfully and knowingly make materially false, fictitious, and fraudulent statements to a Special Agent of the Federal Bureau of Investigation (FBI) concerning facts material to a matter being investigated by the FBI, . . . "[s]pecifically . . . (1) that he had not been involved in the arrest of L.H. on September 17, 2017, when he then and there knew he had, in fact, participated in the arrest of L.H. on September 17, 2017, (2) that he had not yelled at L.H. 'Hands out!,' while participating in the arrest of L.H. on September 17, 2017, when he well knew that he did in fact give such orders to L.H., and (3) that his voice was not captured on a recording of L.H.'s arrest giving the aforementioned commands, even though he well knew his voice was on the recording, having listened to the recording, and denying the same, in the presence of an FBI agent."

In July, 2018, Defendant Korte was requested by federal law enforcement officers to appear before the grand jury on the basis that he had purportedly been served with a grand jury subpoena. Because he was scheduled to be out of town on the date provided on the subpoena, Defendant Korte was informed that he should come in to satisfy the subpoena on or about July 25, 2018. Korte was not served with a subpoena before he reported to the courthouse on that date.

On July 25, 2018, rather than being questioned before the grand jury, he was taken into a separate room in the courthouse to be interviewed by three government attorneys, Fara Gold, Jennifer Winfield, and Emily Savner, and two FBI agents, Darren Boelje and John Flick. He was not told that he was free to leave, but instead understood that he was compelled to remain due to the grand jury subpoena. During that interview, he answered a number of questions about the events of September 17, 2017. The FBI-302 report memorializing his statement indicates, in particular, that Korte informed the

investigators that he did not make any arrests on that evening, and that he did not have any knowledge about what happened to L.H.

After his interview concluded, Defendant Korte was served with a subpoena to appear before a grand jury on August 8, 2018. When he arrived at the courthouse, pursuant to the subpoena, rather than being questioned before the grand jury, he again was taken into a separate room in the courthouse to be interviewed by two of the government's attorneys, Fara Gold and Emily Savner, and FBI Special Agent Darren Boelje. He was not told that he was free to leave, but understood that he was compelled to remain due to the outstanding grand jury subpoena. During the interview, Defendant Korte was played a brief audio recording from L.H.'s phone at the time of his arrest. The report of this interview indicates that Defendant Korte was asked whether his voice was on the recording and whether he was the one who said a short two-word phrase, "hands out," on the recording, and that he answered in the negative. He was then reportedly asked if he knew why other people might have identified that two-word phrase as having been spoken by Korte, and stated that he did not know why. No other questions of significance were asked of him on that date.

The statements attributed to Defendant Korte during these interviews are pleaded as the basis of count three of the superseding indictment. It appears, based on the report generated to memorialize this interview, that the charged questions were the only substantive questions asked of Defendant Korte at the early August interview. It therefore seems that the sole purposes of the early August interview was to alternatively: 1) collect incriminating evidence from Defendant Korte for use against him; or 2) to collect

3

purportedly false denials from Defendant Korte to support the Section 1001 count pleaded in the superseding indictment.

## II.    Law and Argument

The superseding indictment alleges that Defendant made a materially false statement to an FBI agent in violation of 18 U.S.C.A. § 1001(a)(2). Section 1001(a)(2) provides the following in relevant part:

> **(a)** Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully--
> . . .
> **(2)** makes any materially false, fictitious, or fraudulent statement or representation;
> . . .
> shall be fined under this title, imprisoned not more than 5 years or, if the offense involves international or domestic terrorism (as defined in section 2331), imprisoned not more than 8 years, or both.

18 U.S.C.A. § 1001. "[T]he test for determining the materiality of the falsification is whether the falsification is calculated to induce action or reliance by an agency of the United States, is it one that could affect or influence the exercise of government functions, does it have a natural tendency to influence or is it capable of influencing agency decision?" *U. S. v. Adler*, 623 F.2d 1287, 1291 (8th Cir. 1980); *see also United States v. Gaudin*, 515 U.S. 506, 509, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1999) ("The statement must have "a natural tendency to influence, or [be] capable of influencing, the decision of the decisionmaking body to which it was addressed." (citation and quotations omitted) (alteration in original)).

Here, Defendant Korte's statements to federal law enforcement officers were not material in that they did not have a tendency to influence the relevant agencies' investigation. It is clear that the purpose of the August 2018 interview of Defendant, in

4

particular, was not investigatory. At the time the government agents conducted the August 2018 interview, they already believed that Defendant Korte was involved in the arrest and that it was his voice on the recording. Thus, his response did not influence the investigation and the interview appears to have been conducted with a purpose other than to investigate Defendant's role in the arrest. Although Defendant Korte appeared for the August 2018 interview pursuant to a grand jury subpoena, he was not called before the grand jury, and the interview consisted only of the agents asking him whether he was involved in the arrest and playing the short recording. The purpose of the August 2018 interview, in particular, appears to have been solely to attempt to induce Defendant to make a false statement to support a 18 U.S.C. §1001 charge—the interview served no other purpose. Because Defendant's allegedly false statement did not influence or have a tendency to influence the government's investigation, the statement was not material and count three should be dismissed.[1] *See United States v. Lasater*, 403 F. Supp. 208, 218 (W.D. Mo. 1975), *aff'd,* 535 F.2d 1041 (8th Cir. 1976) (holding that an allegedly false statement to a grand jury in violation of 18 U.S.C.A. § 1621 was not material where the grand jury would not have learned anything it did not already know if the defendant had answered truthfully); *United States v. Mancuso*, 485 F.2d 275, 280–81 (2d Cir. 1973)

---

[1] After an outside investigation by the office of the United States Attorney for the Eastern District of Missouri, into § 1001 charges against former National Security Adviser Michael Flynn, the Government in *United States v. Flynn*, moved to drop all charges against defendant Flynn, due, in part, to the lack of materiality in the false statements that were allegedly made by Flynn in an interview similar to the one conducted with Defendant Korte. *See, e.g.,* "DOJ moves to drop Michael Flynn prosecution despite guilty plea; Trump had tweeted support", ABA Journal, available at https://www.abajournal.com/news/article/us-moves-to-drop-michael-flynn-case-after-trump-called-the-case-outrageous. In its motion to dismiss charges in that case, filed on May 7, 2020, the United States concluded that "[it] is not persuaded that the January 24, 2017 interview **was conducted with a legitimate investigative basis** and therefore does not believe Mr. Flynn's statements were material even if untrue. *United States v. Flynn*, 2020 WL 2213634 (D.D.C.) (emphasis added).

(holding that defendant's allegedly false statement was not material where neither the answer he in fact gave nor the truth he allegedly concealed could have impeded or furthered the grand jury's investigation).

### III.    Conclusion

WHEREFORE, Defendant Steven Korte respectfully requests this Court dismiss count three of the superseding indictment.

Dated: June 2, 2020                              Respectfully submitted,

ROGERS, SEVASTIANOS & BANTE, LLP

By:    /s/ John P. Rogers
JOHN P. ROGERS, #38743MO
Attorney for Defendant Korte
120 S. Central Avenue, Suite 160
Clayton, Missouri 63105
(314) 354-8484
Facsimile 354-8271
jrogers@rsblawfirm.com

**CERTIFICATE OF SERVICE**

By signature below, I hereby certify that on June 2, 2020, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Assistant United States Attorneys Emily Savner, Janea Lamar, Jennifer A. Winfield, Reginald L. Harris, Carrie Costantin, and Robert F. Livergood.

/s/ John P. Rogers