IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. S1-4:18 CR 975 CDP (JMB) |
| | ) | |
| STEVEN KORTE, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT
KORTE'S MOTION TO DISMISS COUNT THREE**

Comes now the United States of America, by and through its attorney, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Carrie Costantin, Assistant United States Attorney for said District, and files its Motion in Response to Defendant Korte's Motion to Dismiss Count Three.

Defendant moves to dismiss Count Three because he claims that it fails to state an offense. Count Three of the superseding indictment tracks the statutory language of Title 18, United States Code, § 1001(a)(2) and is therefore sufficient.   Defendant also claims that the false statements delineated in Count Three are not material.   Materiality is a jury question and is not a basis for a defendant's motion to dismiss an indictment.   For these reasons, defendant's motion to dismiss Count Three should be denied.

Factual Background

On December 12, 2019, defendant Korte was indicted in Count One for Deprivation of Civil Rights and in Count Three for False Statements to a Federal Agent.   Count Three is based on Title 18, United States Code, § 1001(a)(2) which states, in pertinent part:

1

(a) Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States knowingly and willfully—
(2) makes any materially false, fictitious, or fraudulent statement or representation… shall be fined under this title, imprisoned not more than 5 years…or both.

18 USC §1001(a)(2).

Count Three of the indictment states:

> Between July 25, 2018, and August 8, 2018, all dates being inclusive, within the Eastern District of Missouri, defendant,
> **STEVEN KORTE,**
> *did willfully and knowingly make materially false, fictitious, and fraudulent statements to a Special Agent of the Federal Bureau of Investigation (FBI) concerning facts material to a matter being investigated by the FBI, an agency within the executive branch of the United States.* Specifically, defendant **Steven Korte** falsely claimed (1) that he had not been involved in the arrest of L.H. on September 17, 2017, when he then and there knew that he had, in fact, participated in the arrest of L.H. on September 17, 2017, (2) that he had not yelled at L.H. "Hands out!," while participating in the arrest of L.H. on September 17, 2017, when he well knew that he did in fact give such orders to L.H., and (3) that his voice was not captured on a recording of L.H.'s arrest giving the aforementioned commands, even though he well knew his voice was on the recording, having listened to the recording, and denying the same, in the presence of an FBI agent.
> In violation of Title 18, United States Code, Section 1001(a)(2).

(emphasis added).

The indictment tracks the language of the statute in that it states that the defendant willfully and knowingly made materially false, fictitious and fraudulent statements to an agent of the Federal Bureau of Investigation in a matter being investigated by the FBI, an agency within the executive branch of the United States.  In *United States v. Rodgers,* 466 U.S. 475, 479, 104 S. Ct. 1942, 1946, 80 L.Ed.2d 492 (1984), the Court stated that a FBI criminal investigation is obviously within the purview of § 1001:  "Section 1001 expressly embraces false statements made 'in any matter within the jurisdiction of any department or agency of the United States.' A

criminal investigation surely falls within the meaning of 'any matter,' and the FBI and the Secret Service equally surely qualify as 'department[s] or agenc [ies] of the United States.'"

The indictment correctly states and effectively charges the elements of the offense of False Statement under Title 18, U.S.C., §1001(a)(2).   Defendant's motion should be denied.

Defendant contends that the indictment is insufficient because defendant's false statements to the FBI were not material.   As a threshold matter, materiality is an issue for the jury and cannot be determined by the Court before trial.   *United States v. Gaudin*, 515 U.S. 506, 523, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995) (in § 1001 prosecution, the question of materiality must be submitted to the jury); *United States v. Ferro,* 252 F.3d 964, 967 (8th Cir. 2001) (materiality is an issue for the jury). *United States v. Critzer*, 951 F.2d 306, 307–08 (11th Cir.1992) (so long as the indictment contains a facially sufficient allegation of materiality, federal criminal procedure does not provide for a pre-trial determination of sufficiency of the evidence.).   The indictment states that the defendant lied about his involvement in the arrest of L.H., the victim of the civil rights violations committed by defendant and others in Count One. Defendant's motion to dismiss should be denied because the question of materiality is a matter for the jury.

At trial, the Government will present evidence that the purpose of the interview of defendant Korte was to determine his knowledge of the events of the arrest and assault of LH. Defendant made false statements to the FBI agent concerning his knowledge and role.   These statements were material. "In general, a false statement is material if it has a natural tendency to influence, or is capable of influencing, the decision of the decision making body to which it was addressed."   *United States v. Robertson,* 324 F.3d 1028, 1030 (8th Cir. 2003).

3

Materiality does not require proof that the government actually relied on the statement. *United States v. Baker,* 200 F.3d 558, 561 (8th Cir. 2000).  "It is irrelevant what the agent who heard the statement knew at the time the statement was made.  A false statement can be material even if the agent to whom it is made knows that it is false."  *United States v. Whitaker*, 848 F.2d 914, 916 (8th Cir. 1988).  The Government's evidence at trial will show that the defendant made material false statements to the FBI agent investigating federal civil rights violations.[1]

For the foregoing reasons, the Government respectfully requests that the Court deny Defendant Korte's Motion to Dismiss Count Three.

        Respectfully submitted,

        JEFFREY B. JENSEN
        UNITED STATES ATTORNEY

        */s/ Carrie Costantin*
        CARRIE COSTANTIN #35925 MO
        Assistant U.S. Attorney
        111 S. 10th Street, 20th Floor
        St. Louis, MO 63703
        (314) 539-2200

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2020, the foregoing was filed electronically with the Clerk of the Court and a copy to be served by e-mail upon all counsel of record.

        */s/Carrie Costantin*
        CARRIE COSTANTIN #35925MO
        Assistant United States Attorney

---

[1] Defendant's motion cites *United States v. Flynn,* 2020 WL 2213634 (D.D.C. 5/7/20) for the proposition that his case should be dismissed because there was no legitimate investigative basis for the interview.  The *Flynn* motion to dismiss was made by the Government and is a matter of prosecutorial discretion.  The case does not stand for the proposition that it is an essential element of 18 U.S.C. §1001 that the Government must show that an interview was conducted with a legitimate investigative basis.

4