UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | 4:18-cr-00975-CDP (JMB) |
| ) | |
| DUSTIN BOONE, ) | |
| CHRISTOPHER MEYERS, and ) | |
| STEVEN KORTE, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT KORTE'S SUPPLEMENT TO HIS MOTION TO DISMISS FOR FAILURE TO PRESERVE EVIDENCE AND MOTION TO SUPPRESS STATEMENTS**

COMES NOW Defendant, Steven Korte ("Defendant" or "Korte"), by and through undersigned counsel, and states the following in supplement to his motion to dismiss all charges in the above-styled case because the St. Louis Metropolitan Police Department failed to preserve materially exculpatory and potentially exculpatory evidence and his motion to suppress statements taken during his interviews with law enforcement:

1. Defendant previously filed a motion to dismiss for failure to preserve evidence of surveillance footage of L.H.'s arrest.

2. Although there were surveillance cameras in the area of the arrest near 14th and Olive, the cameras did not capture the arrest. (EDMO 0061279).

3. The cameras were taken off of "watchman mode" on the night of L.H.'s arrest, meaning that, if a camera moved, it was moved manually by someone in the St. Louis Metropolitan Police Department's Real Time Crime Center (RTCC). (EDMO 0061080, 0061245).

4. At the hearing on Defendant's motion to dismiss, several officers with the RTCC testified that they were present in the RTCC on the date of L.H.'s arrest, and that no other

officers were present who had access to the cameras in question. *See, e.g.,* Evidentiary Hearing Transcript, September 8, 2020, at 9:20-12:2. Login records reflect that only the officers called at hearing were logged in at the times in question. *See* Exhibit A (login records obtained in response to Defendant's subpoena, establishing responsive login activity and that witnesses were called at hearing for all responsive accounts).

5.  Each of the RTCC officers denied moving the camera, but this testimony is not credible.

6.  The camera was manipulated by someone in the RTCC on the night of L.H.'s arrest, and the officer who moved the camera would have known by the next day that an incident occurred near 14th and Olive. At that time, the relevance of the surveillance footage would have been obvious. If the officer who was operating that camera had a reason to move the camera from the arrest, other than to conceal evidence of the arrest, the officer would have recognized the significance of that fact and admitted to doing so during the investigations or at the hearing.

7.  Instead, despite evidence that the camera was moved, no one at the hearing was willing to admit to moving it. The RTCC officers' testimony as a whole is not consistent or credible and suggests that someone deliberately moved the camera away from the arrest to ensure it was not recorded.

8.  The evidence indicates that the RTCC officers, who were instructed to capture an entire event—such as an arrest—from start to finish, (EDMO 0061080), did not follow their duties and obligations when they failed to capture L.H.'s arrest. Accordingly, the failure to preserve the video evidence of L.H.'s arrest was in bad faith and violated Defendant's right to due process, entitling Defendant to dismissal. *See Arizona v. Youngblood*, 488 U.S. 51.

9. Defendant also moved to suppress statements he made during interviews with federal law enforcement. He alleged that the statements were not voluntary because he was compelled to appear for the interviews under the guise of grand jury subpoenas.

10. At the hearing on Defendant's motion to suppress, Special Agent Darren Boehlje, who was present at the interviews, testified that Defendant had not been served with a grand jury subpoena before July 25, 2020. *See* Evidentiary Hearing Transcript, September 8, 2020, at 56:16-57:14; 71:22-72:4; 76:20-24. This testimony is contradicted by emails between Special Agent Boehlje, other FBI agents, and a number of Assistant U.S. Attorneys. *See* Exhibit B, Email Correspondence.

11. The emails, which pre-date Defendant's first interview, state that Defendant was served with a grand jury subpoena. A document titled "2017R00941 Steve Korte GJ Subpoena.pdf" was sent on July 6, 2018, to Special Agent Boehlje. (Exhibit B, at EDMO 0065052). Emails sent by Assistant U.S. Attorneys on July 17 and July 23, 2018, to, among others, Special Agent Boehlje state that Defendant had been served with a grand jury subpoena and was scheduled for grand jury testimony later in July 2018. (Exhibit B, at EDMO 0065044, 0065034-035).

12. These emails contradict and discredit the testimony that Defendant was not subpoenaed or told he had been subpoenaed, and testimony that he appeared voluntarily for the July 25, 2018 interview.

WHEREFORE, the evidence indicates that St. Louis Metropolitan Police Department's failure to preserve materially exculpatory evidence—or in the alternative, its bad faith failure to preserve potentially useful evidence—is a clear violation of Defendant's Due Process rights, and Defendant's Motion to Dismiss should be granted and Defendant did not appear voluntarily at

the interviews with federal law enforcement and his statements made during those interviews should be suppressed.

Dated: October 5, 2020  Respectfully submitted,

ROGERS, SEVASTIANOS & BANTE, LLP

By:  /s/ John P. Rogers
JOHN P. ROGERS, #38743MO
Attorney for Defendant Korte
120 S. Central Avenue, Suite 160
Clayton, Missouri 63105
(314) 354-8484
Facsimile 354-8271
jrogers@rsblawfirm.com

## CERTIFICATE OF SERVICE

By signature below, I hereby certify that on October 5, 2020, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Assistant United States Attorneys Carrie Constantin and Jennifer A. Winfield.

/s/ John P. Rogers