IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. S1-4:18 CR 975 CDP (JMB) |
| | ) | |
| STEVEN KORTE and | ) | |
| CHRISTOPHER MYERS, | ) | |
| | ) | |
| Defendants. | ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT KORTE'S OBJECTIONS TO THE REPORT
AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Comes now the United States of America, by and through its attorney, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Carrie Costantin, Assistant United States Attorney for said District, and for its response in opposition to defendant Steven Korte's objections to the United States Magistrate Judge's Report and Recommendation states as follows:

**Procedural History**

On February 19, 2020, defendant Steven Korte filed a Motion to Dismiss for Failure to Preserve Evidence, Motion to Suppress Statements, and Motion to Sever.  Documents 176, 177, 178.  On March 12, 2020, defendant Christopher Myers filed a Motion to Dismiss Indictment, also for failure to preserve evidence.  Document 187.  On March 19, 2020, the Government filed its written response.  Doc. 189.  On June 2, 2020, defendant Korte filed a Motion to Dismiss Count Three of the Indictment.  Doc. 199.  On June 4, 2020, the Government filed its

1

response. Document 203. The Government incorporates by reference herein its motion responses. Evidentiary hearings were held on August 4 and September 8, 2020 before the Honorable John M. Bodenhausen, United States Magistrate Judge, at which the parties presented testimony and exhibits. The parties then filed post-hearing briefs. The Government incorporates by reference its post-hearing brief filed on October 8, 2020. Doc. 235.

On November 5, 2020, Judge Bodenhausen issued his report and recommendation recommending that all defendants' motions be denied. On November 19, 2020, defendant Korte filed specific objections to the Magistrate Judge's Memorandum, Report and Recommendations.

## Analysis

As a preliminary matter, this Court must review de novo defendants' specific objections to the magistrate judge's findings. See 28 U.S.C. § 636(b)(1); *United States v. Azure*, 539 F.3d 904, 909 (8th Cir. 2008); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) ("[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.")

As demonstrated in the thorough Report and Recommendation of United States Magistrate Judge Bodenhausen, the findings of fact and conclusions of law are sound and supported by the evidence presented. After de novo review, this Court should adopt the Report and Recommendation of United States Magistrate Judge Bodenhausen and rule in accordance with Judge Bodenhausen's recommendations, upholding the findings of fact and conclusions of law set forth therein.

    **I.**    **Defendants' Motions to Dismiss Indictment**

Defendants Korte and Myers contend that the indictment should be dismissed because the

2

Government failed to preserve evidence; that is, the St. Louis Metropolitan Police Department Real-Time Crime Center (RTCC) camera failed to capture the assault of L.H.

Judge Bodenhausen found that the camera did not record the initial contact between L.H. and any police officers. The camera showed a team of police officers approaching the corner of Olive and 14th Street and then continued north on 14th Street. L.H. was near the northeast corner of the intersection. The Magistrate Judge found that the camera captured other events, including what appeared to be a possible detention of another person. Eventually, the camera momentarily panned back to the corner where a person could be seen seated at the curb with a few officers around. It then moved to the opposite corner where a person wearing a mask and carrying a shield and a long object was standing. Judge Bodenhausen also noted that the footage was very grainy and dark and it was not possible to identify any particular individual.

Judge Bodenhausen found that RTCC deployed cameras at various locations. Sgt. Ann Long, a supervisor at the RTCC, testified that on the evening of September 17, 2017, there were a lot of officer safety issues and that RTCC would have been looking wider and at the perimeter around officers on the street. She viewed the relevant video footage and stated that moving the camera to follow people who were running was consistent with providing an extra level of safety for officers because RTCC can see a wider area. It is not known who operated the camera during L.H.'s assault. Judge Bodenhausen found that the movement of the camera was generally consistent with the testimony of Sgt. Long and another police officer that the camera is moved to capture the perimeter around police activity as well as persons who might pose a threat to the police.

Sgt. Marco Silva testified that it may have been theoretically possible to determine which

3

officer was assigned to the relevant camera at a specific time but those logs would not have been maintained for more than 30 days. The FBI requested such information but after the 30 day period had lapsed.

Lawrence Bryant, a professional photographer, took approximately 100 high-quality photographs of the events surrounding L.H.'s assault. The FBI obtained those photographs. The defense also has the photographs. The record fully supports the factual findings made by Judge Bodenhausen.

"The general rule is that '[l]aw enforcement's failure to preserve potentially exculpatory evidence violates due process if the defendant can show that that [it] acted in bad faith.'" *United States v. Paris*, 954 F.3d 1069, 1074 (8th Cir. 2020) (quoting *United States v. LeBeau*, 867 F.3d 960, 976-77 (8th Cir. 2017)).

Judge Bodenhausen concluded that there has been no showing of bad faith. Defendant Korte objects to this finding. The Magistrate Judge's conclusion is amply supported by the record. The RTCC camera was moved to follow running individuals and then focused on an individual in a mask carrying a shield and a long object. It was consistent with RTCC practice. Moreover, Judge Bodenhausen found that defendants failed to show that the evidence that was not captured because of the camera movement was exculpatory or potentially useful or better than comparable evidence readily available to the defendants. Defendant Korte also objects to this finding. He argues that still photographs are not as complete as a video. Be that as it may, as Judge Bodenhausen determined, the RTCC video is very grainy and dark and it is not possible to identify any particular individuals. The poor quality of the video belies defendant's assertion that it would have shown each officer's involvement in L.H.'s arrest.

4

## II.     Defendant Korte's Motion to Suppress Statement

Defendant Korte objects to the Magistrate Judge's finding that the Government did not abuse the Grand Jury process and that defendant Korte was not in custody when he made statements on July 25 and August 8, 2018.

The Magistrate Judge found that, in early July 2018, FBI Special Agent Darren Boehlje contacted defendant Korte by phone.   Korte was a St. Louis Metropolitan Police Officer. Agent Boehlje advised Korte that he had been identified as a potential witness in the investigation of the assault of L.H.   He explained that some witnesses came in to talk to the attorneys and investigators and others would only speak if called before the Grand Jury.   Agent Boehlje stated that they would like to speak to Korte on July 26, 2018.   Korte was very cooperative but stated that he preferred to meet on July 25, 2018.   He did not request a subpoena and he was not served with a subpoena.   The meeting was set on July 25.

On July 25, 2018, Korte came to the U.S. Attorney's Office.   He was interviewed in a conference room.   One door from the conference room exited to public space and was unlocked. Korte arrived on his own.   He was not restrained, no voices were raised, no agent was armed and no threats or promises were made.   Three Government attorneys and two agents were present.   He was not advised of his *Miranda* rights.   Korte denied any interaction with L.H. on September 17, 2017.   He was not served with a subpoena to appear before the grand jury on July 25 or July 26.   Instead, at the conclusion of the interview, he was served with a subpoena to appear before the grand jury on August 8, 2018.   At the end of the interview, Korte left the building.

Between Korte's July interview and his subsequent interview on August 8, 2018, his

5

voice was identified on a recording made by L.H. at the time of the assault.

On August 8, 2018, Korte came to the U.S. Attorney's Office. He was interviewed in the same conference room. The interview was brief. Two attorneys and Agent Boehlje were present. He was not restrained, no voices were raised, no agent was armed and no threats or promises were made. L.H.'s audio recording was played and Korte denied that his voice was on the recording. Korte left the building and was not placed in front of the Grand Jury on August 8th.

Korte was charged in a superseding indictment on December 12, 2019.

Judge Bodenhausen concluded that Korte was not in custody during either interview and therefore *Miranda* warnings were not required. Applying the factors in *United States v. Griffin*, 922 F.2d 1343, 1349 (8th Cir. 1990), Korte was not restrained, he voluntarily acquiesced to requests to be questioned, no strong arm tactics or deceptive stratagems were used, the atmosphere was not police dominated, and he was not placed under arrest at the end of the questioning. While Korte was not told at the initiation of the July 25th interview that he was free to leave, Agent Boehlje had previously told him that any interview was voluntary.

Korte primarily contends that the interviews should be suppressed because the Government allegedly misused a Grand Jury subpoena to compel his presence for a private interview. Yet, Judge Bodenhausen found, and the record supports that Korte was never served with a grand jury subpoena before the July 25th interview.

As to the August 8th interview, Judge Bodenhausen noted the Eighth Circuit in *United States v. Wadlington*, 233 F.3d 1067, 1075 (8th Cir. 2000) acknowledged the Government's authority to speak with witnesses in advance of any Grand Jury testimony, citing *United States v.*

6

*Universal Mfg. Co.*, 525 F.2d 808, 811–12 (8th Cir.1975); *In re Possible Violations of 18 U.S.C. §§ 201, 371*, 491 F.Supp. 211, 213 (D.D.C.1980).   In between the July 25th and August 8th interviews, Korte's voice was identified on the recording made by L.H. during the assault. Korte agreed to listen to the L.H. recording before he went into the grand jury.   He denied that his voice was on the recording.    Judge Bodenhausen found that it was reasonable not to place him in the Grand Jury without further investigation.   The Magistrate Judge properly concluded that there was no abuse of the grand jury process.

### III.  Defendant Korte's Motion to Sever Trials

Judge Bodenhausen recommended that Korte's Motion to Sever Trials be denied.   He concluded that the charges and proffered prejudicial evidence are not so complicated that concerns about the jury's ability to follow proper instructions might arise.   He further found that co-defendant Myers' hearsay statement implicating Korte could be easily redacted to neutralize any reference to Korte.   Korte objects to the recommendation and claims 1) the co-defendants' text messages might cause the jury to impute their inflammatory statements and motives to Korte; 2) the Myers' statement cannot be redacted effectively; and 3) if a co-defendant testifies and Korte does not, counsel for co-defendant may comment on his failure to testify.

Co-defendants Boone and Myers sent multiple text messages indicating, inter alia, their satisfaction in beating protesters.   The text messages were not sent to Korte.   Judge Bodenhausen found that the Supreme Court has made clear that the risk of prejudice is best cured by careful jury instructions.   He correctly found that the evidence was not so complicated that a jury would be unable to follow instructions that such text messages are evidence against only those defendants who sent or responded to them.

7

Myers' hearsay statement implicating Korte was that Myers was frustrated that other officers, including Korte, were not brought up in connection with the assault. Redacting Korte's name would simply limit Myers' hearsay statement to be that he was frustrated that other unnamed officers were not brought up in connection with the assault. Since multiple officers assaulted L.H., this neutralized statement does not point to Korte.

Korte contends that if a co-defendant testifies and he does not, the co-defendant's counsel may comment on Korte's failure to testify, depriving him of his Fifth Amendment rights. The Magistrate Judge properly concluded that, on this record, such concerns are speculative.

Defendant Korte's objections should be over-ruled.

## IV. Defendant Korte's Motion to Dismiss Count Three of the Indictment

Count Three of the Indictment charges defendant Korte with making false statements to FBI Special Agent Boehlje. Korte argues that the count fails to state an offense because his statements were allegedly not material; that is, they did not have the tendency to influence any agency investigation.

Judge Bodenhausen found that Count Three tracks the statutory language and is legally sufficient on its face. He stated that after *United States v. Gaudin*, 515 U.S. 506, 523, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995), the question of materiality is an issue for the jury. In addition, Judge Bodenhausen found that Korte's denials were at least capable of influencing an official decision—the standard for materiality. He recommended that Korte's Motion to Dismiss Count Three be denied. Korte's objections continue to argue materiality despite the fact that the Supreme Court has held that materiality is a jury question. As the Magistrate Judge concluded, Korte's Motion to Dismiss Count Three of the Indictment should be denied.

8

Accordingly, defendants' objections to the Magistrate Judge's Report and Recommendation should be overruled.

Respectfully submitted,

JEFFREY B. JENSEN
UNITED STATES ATTORNEY

*/s/ Carrie Costantin*
CARRIE COSTANTIN #35925 MO
Assistant U.S. Attorney
111 S. 10th Street, 20th Floor
St. Louis, MO 63703
(314) 539-2200

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 1, 2020, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon counsel of record.

*/s/Carrie Costantin*
CARRIE COSTANTIN #35925MO
Assistant United States Attorney
