UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. S1-4:18 CR 975 CDP |
| | ) | |
| DUSTIN BOONE, | ) | |
| CHRISTOPER MYERS, | ) | |
| and STEVEN KORTE, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF BARRY DICKEY

COMES NOW the United States of America, by and through its attorneys, Sayler A.

Fleming, United States Attorney for the Eastern District of Missouri, and Carrie Costantin and

Robert F. Livergood, Assistant United States Attorneys for said District, and files this Motion in

Limine to exclude Testimony of Barry Dickey:

On January 29, 2021, defendant Steven Korte filed his Expert Witness Endorsement of

Barry G. Dickey.   The endorsement states that he will offer an opinion that the speaker in the

recording who stated "get on the ground…hands out" cannot be identified to an acceptable degree

of scientific certainty.   Because this purported expert opinion does not meet the requirements of

Federal Rule of Evidence 702, the Government moves to exclude his testimony.

Factual Background

On September 17, 2017, L.H. was assaulted and arrested by St. Louis Metropolitan Police

Officers while he was working undercover during the protests after the acquittal of Officer Jason

1

Stockley for the shooting death of Anthony Lamar Smith.   When he was assaulted, he was

streaming video using his cell phone.   That streaming video captured officers ordering him to get

on the ground, put his hands out and show his hands.   Specifically, the second-to-last speaker on

the video states "Get on the ground…Hands out! Hands out!"   Multiple witnesses who worked

with defendant Korte are expected to testify that Korte is the speaker.   Defendant Korte has

denied being present at the arrest of L.H.

### Barry Dickey's Report

Mr. Dickey's report is attached as Exhibit 1.   It states that he reviewed the recording and

conducted a preliminary evaluation of the target speaker(s).   It states that his analysis used "aural,

spectrographic, and biometric testing."   His aural exam consisted of listening to the tape for

perceived pitch, voice quality, intensity/amplitude, dialect, articulation and rate/prosody.   His

spectrographic evaluation consisted of a visual comparison of speech patterns.   He found that

there was "an overall lack of sufficient data." His attempt to perform a biometric evaluation failed

because biometric modeling requires a minimum of 3 to 5 seconds of speech and the sample was

shorter than that.   His conclusion was "Restrictions in the amount of acceptable data did not meet

minimum requirements.   The 'target' speaker or U-1 cannot be evaluated to an acceptable degree

of scientific certainty."   In short, he concludes that he cannot conclude anything.

### Legal Analysis

Federal Rule of Evidence 702 governs the admission of expert witness testimony.   The

rule states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or
> education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the
> trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;
(c) the testimony is the product of reliable principles and methods; and
(d) the expert has reliably applied the principles and methods to the facts of the case.

Federal Rule of Evidence 702.

Mr. Dickey's report concludes that he does not have enough data to apply his testing to reach a conclusion.   His testimony will therefore not be based on sufficient facts or data. This testimony will not help the trier of fact to understand the evidence or to determine a fact in issue. It is not relevant or admissible.

In *United States v. Ricketts,* 141 Fed. Appx. 93, 95 (4ᵗʰ Cir. 2005), the Court affirmed the district court's exclusion of expert testimony in the field of spectrographic voice analysis where the expert concluded that no meaningful scientific analysis was possible.   The Court stated "We conclude the proffered evidence was lacking in probative value because it did not make 'more probable or less probable' a fact of consequence to the jury. See Fed.R.Evid. 401. To the contrary, the evidence demonstrated only that no 'meaningful' scientific analysis was possible."

Similarly, Mr. Rickey's statement that "The 'target' speaker or U-1 cannot be evaluated to an acceptable degree of scientific certainty," does not make more probable or less probable a fact of consequence to the jury.   It is simply a finding that his testing cannot reach a conclusion.   His testimony should be excluded because it will not help the trier of fact to understand the evidence or to determine a fact in issue.

In addition, voice spectrographic analysis is of questionable scientific validity as a method of identifying an unknown speaker.   *United States v. Angleton*, 269 F. Supp.2d 892, 899 (S.D. Tx 2003) (excluding expert testimony because voice identification techniques using the aural spectrographic method are not widely accepted by the scientific community); *United States v.*

*Lopez,* 2009 WL 10674007, *1 (granting the defendant's motion to exclude spectrographic voice analysis because it is unreliable). Voice spectrographic analysis is not based on reliable principles and methods, as required by Rule 702(c).

Mr. Dickey's prior testimony in federal court concerned whether there were gaps in recordings.   *United States v. Chapman,* 804F.3d 895, 900 (7th Cir. 2015); *Young v. City of Omaha,* 2009 SL 4726949, *4 (D. Neb. 2009); *United States v. Armstrong,* 626 F. Supp.2d 229, 233-234 (D. Puerto Rico 2009).   His proposed testimony in this case that the speaker cannot be identified to an acceptable degree of scientific certainty is of an entirely different character.   Here, his testing found that he could not reach a conclusion.   His testimony has no value for a jury.

It is well established that a lay person can identify a person's voice based on hearing it previously.   Federal Rule of Evidence 901(b)(5) states that the authentication requirement is satisfied by "An opinion identifying a person's voice — whether heard firsthand or through mechanical or electronic transmission or recording — based on hearing the voice at any time under circumstances that connect it with the alleged speaker."   *United States v. Vitale,* 549 F.2d 71, 73 (8th Cir. 1977) (witness can identify defendant's voice based on speaking to her twice); *United States v. Smith,* 715 F.3d 1110, 1115 (8th Cir. 2013) (Voice identification is not a subject of expert testimony. The standards for the admissibility of an opinion as to the identity of a speaker is merely that the identifier has heard the voice of the alleged speaker at any time).

Mr. Dickey's proposed testimony falls short of Rule 702 requirements.   It does not assist the jury to understand the evidence or to determine a fact in issue.   It is admittedly based on insufficient data and it is not the product of reliable principles and methods.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court grant its

4

Motion in Limine to Exclude Testimony of Barry Dickey.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

 s/*Carrie Costantin*
CARRIE A. COSTANTIN #35925MO
ROBERT F. LIVERGOOD #35432MO
Assistant United States Attorneys
111 S. 10th Street, Room 20.333
St. Louis, Missouri    63102
(314) 539-2200
carrie.costantin@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2021, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all parties of record.

s/*Carrie Costantin*
CARRIE COSTANTIN   #35925 MO
Assistant United States Attorney