UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | No.: S1-4:18-cr-00975-CDP (JMB) |
| ) | |
| DUSTIN BOONE, ) | |
| CHRISTOPHER MEYERS, and ) | |
| STEVEN KORTE, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT STEVEN KORTE'S RESPONSE TO THE GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF BARRY DICKEY**

COMES NOW Defendant, Steven Korte ("Defendant" or "Korte"), by and through undersigned counsel, and for his response to the Government's Motion in Limine to Exclude Testimony of Barry Dickey states the following:

**I.      Introduction**

Count III of the superseding indictment [Doc. # 136] (the "indictment") is based on a few officers allegedly identifying a handful of words, in a recording involving multiple unknown speakers, as being spoken by Korte. Korte has filed a motion in limine to exclude the voice identifications by the other officers. In support of this motion, Barry Dickey performed forensic audio analysis of the recording. His analysis is helpful in establishing the sparseness of the data upon which the voice identifications are based and it is based on reliable principles and methods.

**II.     Law and Argument**

Federal Rule of Evidence 702 provides, in relevant part:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

1

> **(a)** the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> **(b)** the testimony is based on sufficient facts or data;
> **(c)** the testimony is the product of reliable principles and methods; and
> **(d)** the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. "'Rule 702 reflects an attempt to liberalize the rules governing the admission of expert testimony.'" *Lauzon v. Senco Products, Inc.*, 270 F.3d 681, 686 (8th Cir. 2001) (quoting *Weisgram v. Marley Co.*, 169 F.3d 514, 523 (8th Cir.1999) aff'd, 528 U.S. 440, 120 S.Ct. 1011, 145 L.Ed.2d 958 (2000)). "The rule clearly 'is one of admissibility rather than exclusion.'" *Id.* (quoting *Arcoren v. United States*, 929 F.2d 1235, 1239 (8th Cir. 1991)). "[D]oubts regarding 'whether an expert's testimony will be useful should generally be resolved in favor of admissibility.'" *Clark By & Through Clark v. Heidrick*, 150 F.3d 912, 915 (8th Cir. 1998) (quoting *Larabee v. MM & L Int'l Corp.*, 896 F.2d 1112, 1116 n. 6 (8th Cir.1990)) (citiation omitted). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 596, 113 S. Ct. 2786, 2798, 125 L. Ed. 2d 469 (1993).

"Under the framework developed in *Daubert,* trial courts must serve as 'gatekeepers to 'insure that proffered expert testimony is both relevant and reliable.'" *Wagner v. Hesston Corp.*, 450 F.3d 756, 758 (8th Cir. 2006) (quoting *Anderson v. Raymond Corp.,* 340 F.3d 520, 523 (8th Cir.2003)) (citations omitted). "Trial courts are given broad discretion in fulfilling this gatekeeping role[.]" *Id.*

The number of speakers on the recording and the length of the relevant portion of the recording is relevant to evaluating Korte's motion in limine regarding the officers' voice identifications.  The portion of the recording upon which the voice identifications are based is extremely short, including only the words "hands out," or  "get on the ground, hands out." It also includes multiple unknown speakers. Mr. Dickey's testimony, and his report, is being offered to show the paucity of evidence upon which the voice identifications are based.  His analysis isolates and graphs the phrase that is at issue here and indicates that there are multiple speakers taking simultaneously. (Doc. 272-1 at 4).

This circuit has not held that spectrographic voice analysis is categorically inadmissible.  *See United States v. Bahena*, 223 F.3d 797, 810 (8th Cir. 2000) ("We are not holding that voice spectrography is never admissible. We hold only that the District Court's decision to exclude the testimony of this particular witness, on the record before it, was not an abuse of discretion.").

**III.    Conclusion**

WHEREFORE, Defendant Steven Korte respectfully requests this Court deny the Government's Motion in Limine to Exclude Testimony of Barry Dickey.

3

Dated: February 17, 2021                    Respectfully submitted,

                                                       ROGERS SEVASTIANOS & BANTE, LLP

By:   */s/ John P. Rogers*
        JOHN P. ROGERS, #38743MO
        Attorney for Defendant Korte
        120 S. Central Avenue, Suite 160
        Clayton, Missouri 63105
        (314) 354-8484
        Facsimile 354-8271
        jrogers@rsblawfirm.com

## CERTIFICATE OF SERVICE

By signature below, I hereby certify that on February 17, 2021, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Assistant United States Attorneys Carrie Constantin and Robert F. Livergood.

                                                      */s/ John P. Rogers*