UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. S1-4:18 CR 975 CDP |
| | ) | |
| DUSTIN BOONE, | ) | |
| CHRISTOPHER MYERS, | ) | |
| and STEVEN KORTE, | ) | |
| | ) | |
| Defendants. | ) | |

## GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTIONS IN LIMINE CONCERNING TEXT MESSAGES

COMES NOW, the United States of America, by and through Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Robert F. Livergood and Carrie Costantin, Assistant United States Attorneys for said District, and files its consolidated response to "Defendant Myers' Motion in Limine to Preclude Admission of Unfairly Prejudicial, Irrelevant, and Bruton Violative Statements," (Doc. #301), "Defendant Steven Korte's Motion in Limine to Exclude Text Messages and Combined Memorandum of Law in Support," (Doc. #298), and "Defendant Dustin Boone's Motion in Limine to Preclude the Government's Use of Text Messages as Intrinsic Evidence and/or 404(b) Evidence" (Doc. #302).

## I.    Introduction

On February 12, 2021, the Government filed its "Notice of Intent to use Inextricably Intertwined Evidence and/or Rule 404(b) Evidence." (Doc. #277) (hereinafter, Notice). In response, defendants Korte, Boone and Myers have filed motions in limine concerning the Government's Notice. The Government will respond to their motions below. For the purpose of this response, the Government has redacted the victim's first and last names and replaced the

1

names with initials.

The Government notes that none of the defendants has objected to the following text messages, referenced by subparagraph letters and dates contained in the Government's Notice: (i) Myers' texts on September 16, 2017, 12:08 PM; (q) Boone's text on September 19, 2017, 11:12 AM; (u) Boone's texts on September 21, 2017, 9:04 PM; (v) Boone's texts on September 23, 2017, 5:16 PM; (x) Boone's text on September 25, 2017, 9:04 AM; (y) Myers' texts on September 25, 2017, 4:46 PM; and (cc) Boone's texts on September 26, 2017, 9:25 PM.

The Government relies on its Notice and incorporates it herein by reference.

To the extent that the Government agrees not to use certain texts or the Court prohibits the use of the texts, if during the course of trial, the Government believes the texts to become admissible, the Government will seek leave of Court prior to introducing the text message.

## II.     Response

### (a) Boone's Texts on September 14, 2017, noon.

| From | To | St. Louis Time | Body |
|------|-----|----------------|------|
| Matt Manley | Dustin Boone, Christopher Myers, Martinous Walls, Andrew Kleffner | 9/14/17 14:39 | Walls, Myers and Boone have to meet at 0900 tomorrow right? |
| Martinous Walls | Dustin Boone, Christopher Myers, Matt Manley, Andrew Kleffner | 9/14/17 14:41 | that's what it's looking like. |
| Andrew Kleffner | Dustin Boone, Christopher Myers, Martinous Walls, Matt Manley | 9/14/17 14:42 | I'll be on standby from Oakville to drive Sgt. Manley and Capt. Mueller around. |
| Dustin Boone | Chris Meyers, Martinous Walls, Matt Manly, Andrew Kleffner | 9/14/17 14:44 | Yep 9am to practice walking in a line with a stick....... until shit gets real and they realize walking in a line doesn't work as well as swinging the stick! |

2

Defendants Boone, Korte, and Myers object to these texts. Defendant Boone states the text messages should be excluded because the texts are not intrinsic evidence; do not point to specific intent or motive to commit an unlawful act against peaceful protesters; any probative value is substantially outweighed by the unfair prejudice resulting to Defendant Boone; and constitute improper character evidence. (Doc. #302, at 2-3). Defendant Korte states the messages should be excluded because their probative value is substantially outweighed by unfair prejudice as the text messages "appear to be aimed at convincing the jury that the defendants have a proclivity for harming protesters," and they are not admissible under Rule 404(b) because the text messages consist of improper character evidence. (Doc. #298, at 12-14). Defendant Myers states that his name should be redacted from the text messages. (Doc. #301, at 4).

Dustin Boone's text message is intrinsic evidence. The message is similar in character to that in *United States v. Ross*, 969 F.3d 829 (8th Cir. 2020); s*ee also* Notice, at 5-6. In *Ross*, Ross sent a text message to a co-defendant about committing robberies. Two days later, the defendants carjacked, kidnapped and murdered a victim. The Eighth Circuit Court of Appeals found the communication inextricably intertwined with the charged offense.

If the Court determines it is not intrinsic evidence, it is admissible under Rule 404(b) to show that Boone "acted willfully when he deprived [L.H.] of his right to be free from unreasonable force." *United States v. Colin J. Boone*, 828 F.3d 705, 711 (8th Cir. 2016). In the *Colin J. Boone* case, the defendant was charged with using unreasonable force in violation of 18 U.S.C. § 242. The charged offense occurred in 2013 when the defendant kicked a suspect in the face. *Id.* at 708. During the trial that followed, the Government introduced a video of the defendant using force against another suspect in 2009. There, he lifted the suspect by her arm and assaulted her with his

hands. *Id.* at 710. The Eighth Circuit Court of Appeals held that the 2009 incident was admissible under Rule 404(b). It found evidence of the defendant's use of force against the 2009 suspect was relevant to show that the defendant "acted willfully when he deprived [the 2013 suspect] of his right to be free from unreasonable force." *Id.* at 711. The defendant "placed his state of mind squarely at issue and rendered evidence of his prior use of unreasonable force probative of his intent, knowledge, motive, and absence of mistake in his use of force against [the 2013 suspect]." *Id*. at 711.

Here, Boone's text, "Yep 9am to practice walking in a line with a stick....... until shit gets real and they realize walking in a line doesn't work as well as swinging the stick!", is probative of his intent and motive to assault protesters. Three days after the text was sent is when the Government alleges Boone assaulted L.H. The text shows that Boone's subsequent actions regarding L.H. were willful, and were committed with a bad purpose or improper motive to disobey or disregard the law and his intent to deprive a protester, in this case L.H., of his right to be free from the use of unreasonable seizure and force. *See* Government's Proposed Jury Instructions, at 8-9 (Doc. #279).

Regarding the other texts listed in the conversation, the texts provide context to Boone's text; that they are meeting to practice their formation during the protest.

Lastly, Myers seeks to have his name redacted. Leaving his name does not violate *Bruton* because the texts do not directly incriminate Myers. *See United States v. Ali*, 799 F.3d 1008, 1024-25 (8th Cir. 2015); *see also* Notice, at 6-7.

### b. Myers' text on September 15, 2017, 7:07 AM

| From | To | St. Louis Time | Body |
|------|-----|-----|------|
| Michael Hines | Christopher Myers | 9/15/17 7:07 | Hey we are both on the same arrest team. Are we meeting at 20th and |

4

| | | | Olive? |
|---|---|---|---|
| Christopher Myers | Michael Hines | 9/15/17 7:26 | I know right. Yes I guess so, let's whoop some ass |

Defendants Myers and Korte object to these text messages. Defendant Myers states that the texts' probative value is substantially outweighed by the danger of unfair prejudice, and that the statement "let's whoop some ass" is ambiguous. (Doc. #301, at 4-5). Defendant Korte states the messages should be excluded because their probative value is substantially outweighed by unfair prejudice because the text messages "appear to be aimed at convincing the jury that the defendants have a proclivity for harming protesters," and they are not admissible under Rule 404(b) because the text messages consist of improper character evidence. (Doc. #298, at 12-14).

The texts are not ambiguous. Hines states they are on the arrest team and are meeting at 20th and Olive, where the protests are occurring. Myers adopts Hines text when he agrees with it and states, "let's whoop some ass." The text is not ambiguous in its meaning - - it means to assault someone. It also provides the context of the CDT response during the protest.

The text is inextricably intertwined with the charged offense or admissible under Rule 404(b), because, just as in *Ross* and *Colin J. Boone*, supra, the texts are probative of his intent, knowledge, motive, and absence of mistake in his use of force against L.H.   The texts show that Myers' subsequent actions regarding L.H. were willful, and were committed with a bad purpose or improper motive to disobey or disregard the law and his intent to deprive a protester, in this case L.H., of his right to be free from the use of unreasonable seizure and force. *See Colin J. Boone,* supra.

### c. Boone's texts on September 15, 2017, 8:54 AM

| From | To | St. Louis Time | Body |
|------|----|----|------|
| Dad | Dustin Boone, Kayla, Kelsea, Mom, Ashely Marie | 9/15/17 8:54 | Not guilty! Let the games begin |
| Dustin Boone | Kayla, Kelsea, Mom, Dad | 9/15/17 10:22 | I'm on Donny Walters arrest team! me and a BIG OL black dude r the guys that are hands on! No stick or shield..... just fuck people up when they don't act right! Haha Donny said "Boone, don't be getting out of control and chasing people through this crowd, I'll tell yo daddy!" Lol |

Defendants Korte and Boone object to these texts. Defendant Korte states the messages should be excluded because their probative value is substantially outweighed by unfair prejudice because the text messages "appear to be aimed at convincing the jury that the defendants have a proclivity for harming protesters," and they are not admissible under Rule 404(b) because the text messages consist of improper character evidence. (Doc. #298, at 12-14). Defendant Boone states the text messages should be excluded because the texts are not intrinsic evidence, do not point to specific intent or motive to commit an unlawful act against peaceful protesters, any probative value is substantially outweighed by the unfair prejudice resulting to Defendant Boone, and constitute improper character evidence. (Doc. #302, at 2-3).

The texts provide context to the crime charged. Additionally, the texts are inextricably intertwined with the charged offense or admissible under Rule 404(b), because, just as in *Ross* and *Colin J. Boone*, supra, the texts are probative of his intent, knowledge, motive, and absence of mistake to commit the charged crime when Boone writes, "just fuck people up when they don't act right!" The remaining part of the text, "'Boone, don't be getting out of control and chasing people through this crowd, I'll tell yo daddy!' Lol," is adopted by Boone, because Boone is sending

6

it to his "Dad" and includes the "Lol" after the text. Lol means laughing out loud. Additionally, the texts show that Boone's subsequent actions regarding L.H. were willful, and were committed with a bad purpose or improper motive to disobey or disregard the law and his intent to deprive a protester, in this case L.H., of his right to be free from the use of unreasonable seizure and force. *See Colin J. Boone,* supra.

### d. Boone's texts on September 15, 2017, 9:40 AM

| From | To | St. Louis Time | Body |
|------|-----|---------------|------|
| Dustin Boone | Ashley Marie | 9/15/17 9:40 | On arrest team with sergeant Walters!!! It's ALL HANDS ON!! I'm happy I'm with him! |
| Dustin Boone | Ashley Marie | 9/15/17 13:36 | That's my dude today! Haha he's basically a thug that's on our side!!! It's he and I that just grab fuckers and toss em around |

Defendants Korte and Boone object to these texts. Defendant Korte states the messages should be excluded because their probative value is substantially outweighed by unfair prejudice because the text messages "appear to be aimed at convincing the jury that the defendants have a proclivity for harming protesters," and they are not admissible under Rule 404(b) because the text messages consist of improper character evidence. (Doc. #298, at 12-14). Defendant Boone states the text messages should be excluded because the texts are not intrinsic evidence, do not point to specific intent or motive to commit an unlawful act against peaceful protesters, any probative value is substantially outweighed by the unfair prejudice resulting to Defendant Boone, and constitute improper character evidence. (Doc. #302, at 2-3).

The texts provide context to the crime charged. Additionally, the texts are inextricably intertwined or admissible under Rule 404(b), because, just as in *Ross*, and *Colin J. Boone*, supra, the texts are probative of his intent, knowledge, motive, and absence of mistake to commit the

7

charged crime when Boone writes, "It's he and I that just grab fuckers and toss em around." The texts show that Boone's subsequent actions regarding L.H. were willful, and were committed with a bad purpose or improper motive to disobey or disregard the law and his intent to deprive a protester, in this case L.H., of his right to be free from the use of unreasonable seizure and force. *See Colin J. Boone*, supra.

### e. Boone's text on September 15, 2017, 3:37 PM

| From | To | St. Louis Time | Body |
|------|-----|--------------|------|
| Dustin Boone | Andrew Ditto | 9/15/17 15:37 | The more the merrier!!! It's gonna get IGNORANT tonight!! But it's gonna be a lot of fun beating the hell out of these shitheads once the sun goes down and nobody can tell us apart!!!! |

Defendants Korte and Boone object to these texts. Defendant Korte states the messages should be excluded because their probative value is substantially outweighed by unfair prejudice because the text messages "appear to be aimed at convincing the jury that the defendants have a proclivity for harming protesters," and they are not admissible under Rule 404(b) because the text messages consist of improper character evidence. (Doc. #298, at 12-14). Defendant Boone states the text messages should be excluded because the texts are not intrinsic evidence, do not point to specific intent or motive to commit an unlawful act against peaceful protesters, any probative value is substantially outweighed by the unfair prejudice resulting to Defendant Boone, and constitute improper character evidence. (Doc. #302, at 2-3).

The text is inextricably intertwined or admissible under Rule 404(b), because, just as in *Ross* and *Colin J. Boone*, supra, the text is probative of his intent, knowledge, motive, and absence of mistake to commit the charged crime when Boone writes, "But it's gonna be a lot of fun beating

the hell out of these shitheads once the sun goes down and nobody can tell us apart!!!!" The text shows that Boone's subsequent actions regarding L.H. were willful, and were committed with a bad purpose or improper motive to disobey or disregard the law and his intent to deprive a protester, in this case L.H., of his right to be free from the use of unreasonable seizure and force. *See Colin J. Boone*, supra; *see also* Government's Proposed Jury Instructions, at 8-9 (Doc. #279).

### f. Myers' texts on September 15, 2017, 8:34 PM

| From | To | St. Louis Time | Body |
|------|-----|----------------|------|
| Amy Boyer | Christopher Myers | 9/15/17 20:34 | bad you have to deal with all this craziness of downtown |
| Christopher Myers | Amy Boyer | 9/15/17 20:34 | Lol yea but for some sick reason I live for this |

Defendants Myers and Korte object to these texts. Defendant Myers claims that the texts are ambiguous, not relevant, and more prejudicial than probative. (Doc. #301, at 5). Defendant Korte states the messages should be excluded because their probative value is substantially outweighed by unfair prejudice because the text messages "appear to be aimed at convincing the jury that the defendants have a proclivity for harming protesters," and they are not admissible under Rule 404(b) because the text messages consist of improper character evidence. (Doc. #298, at 12-14).

Myers' text is intrinsic evidence because the text provides context in which the charged crimes occurred. The text also shows his state of mind when he writes, "Lol yea but for some sick reason I live for this."

### g. Boone's text on September 15, 2017, 8:54 PM

| From | To | St. Louis Time | Body |
|------|-----|----------------|------|
| Dustin Boone | Michael Flatley | 9/15/17 20:54 | We really need these fuckers to start acting up so we can have some fun |

Defendants Korte and Boone object to this text. Defendant Korte states the message should be excluded because its probative value is substantially outweighed by unfair prejudice because the text message "appear[s] to be aimed at convincing the jury that the defendants have a proclivity for harming protesters," and it is not admissible under Rule 404(b) because the text message consists of improper character evidence. (Doc. #298, at 12-14). Defendant Boone states the text message should be excluded because the text is not intrinsic evidence, does not point to specific intent or motive to commit an unlawful act against peaceful protesters, any probative value is substantially outweighed by the unfair prejudice resulting to Defendant Boone, and constitutes improper character evidence. (Doc. #302, at 2-3).

The text is inextricably intertwined or admissible under Rule 404(b), because, just as in *Ross* and *Colin J. Boone*, supra, the text is probative of his intent, knowledge, motive, and absence of mistake to commit the charged crime, and that his actions were not the result of accident or mistake. The text shows that Boone's subsequent actions regarding L.H. were willful, and were committed with a bad purpose or improper motive to disobey or disregard the law and his intent to deprive a protester, in this case L.H., of his right to be free from the use of unreasonable seizure and force. *See Colin J. Boone*, supra.

### h. Boone's texts on September 16, 2017, 12:28 AM

| From | To | St. Louis Time | Body |
|------|-----|------|------|
| Dustin Boone | Dad, Ashley Marie, Kayla, Kelsea, Mom | 9/16/17 0:28 | This shit is crazy....... but it's fucking AWESOME too! Except for cops getting hurt. People on the streets got FUCKED UP! Lol |

Defendants Korte and Boone object to this text. Defendant Korte states the message should be excluded because its probative value is substantially outweighed by unfair prejudice because the text message "appear[s] to be aimed at convincing the jury that the defendants have a proclivity for harming protesters," and it is not admissible under Rule 404(b) because the text message consists of improper character evidence. (Doc. #298, at 12-14). Defendant Boone states the text message should be excluded because the text is not intrinsic evidence, does not point to specific intent or motive to commit an unlawful act against peaceful protesters, any probative value is substantially outweighed by the unfair prejudice resulting to Defendant Boone, and constitutes improper character evidence. (Doc. #302, at 2-3).

The text is inextricably intertwined or admissible under Rule 404(b), because, just as in *Ross* and *Colin J. Boone*, supra, the text is probative of his intent, knowledge, motive, and absence of mistake to commit the charged crime, and that his actions were not the result of accident or mistake, when he writes "People on the streets got FUCKED UP! Lol," The text shows that Boone's subsequent actions regarding L.H. were willful, and were committed with a bad purpose or improper motive to disobey or disregard the law and his intent to deprive a protester, in this case L.H., of his right to be free from the use of unreasonable seizure and force. *See Colin J. Boone*, supra.

### j. Myers' texts on September 16, 2017, 8:18 PM

| From | To | St. Louis Time | Body |
|------|-----|----------------|------|
| Christopher Myers | Mark Myers | 9/16/17 20:18 | Yea were all kind of tired and with 10 officers already injured one with a broken jaw and one with a dislocated shoulder I think the bosses are being a little more lenient with the use of force by us 😉 |

Defendants Myers and Korte object to this text. Defendant Myers states that the text is ambiguous and substantially more prejudicial than probative. (Doc. #301, at 5-6). Defendant Korte states the message should be excluded because its probative value is substantially outweighed by unfair prejudice because the text message "appear[s] to be aimed at convincing the jury that the defendants have a proclivity for harming protesters," and it is not admissible under Rule 404(b) because the text message consists of improper character evidence. (Doc. #298, at 12-14).

Myers' text is intrinsic evidence because the text provides the context of the CDT response during the course of the protests following the Stockley verdict. Myers' text is probative of his positive attitude toward being able to use more force against protesters when he adds a winky face emoji to the end of the text.

### k. Myers' text on September 16, 2017, 8:58 PM

| From | To | St. Louis Time | Body |
|------|-----|----------------|------|
| Truesdale | Christopher Myers | 9/16/17 20:58 | Hot shots Fenton |
| Truesdale | Christopher Myers | 9/16/17 20:58 | ?[1] |
| Christopher Myers | Truesdale | 9/16/17 20:58 | Are u kidding me I'm fucking fighting protestors |

---

1 This row was flipped so that the sentence made sense.

| Truesdale | Christopher Myers | 9/16/17 20:59 | Im guessing my attempt at humour was wrong time, wro g olace? |
| Christopher Myers | Truesdale | 9/16/17 21:00 | No if it was humor u know I do have to wonder to ensure u weren't that absent minded lol |
| Christopher Myers | Truesdale | 9/16/17 21:00 | Love you by the way |
| Truesdale | Christopher Myers | 9/16/17 21:01 | Lol. I can tell this is a very stressful time. <br><br> Be safe man.  Beers on me when its over |
| Christopher Myers | Truesdale | 9/16/17 21:07 | I'm fucking with u, I'm not stressed bro lmao |

Defendant Korte objects to these texts, although he is not mentioned in the texts. Korte states that the texts are irrelevant because whether Myers is stressed is not relevant and whether Myers is fighting protesters is not probative of stress. (Doc. #298, at 8-9)

Myers' texts, in context with the messages, are that he is fighting protesters and it is not stressful, is probative of Myers' subsequent actions regarding L.H., as to whether they were willful, and were committed with a bad purpose or improper motive to disobey or disregard the law and his intent to deprive a protester, in this case L.H., of his right to be free from the use of unreasonable seizure and force. *See Colin J. Boone*, supra.

### l .Boone's text on September 17, 2017, 10:07 AM

| From | To | St. Louis Time | Body |
|------|-----|------|------|
| Dustin Boone | Ashley Marie | 9/16/17 22:13 | Just deployed to U city..... u will see the REAL POLICE come in and clear these fuckers REAL QUICK. We ain't fuckin w them tonight. |
| Ashley Marie | Dustin Boone | 9/16/17 22:20 | Some black guy in wife beater and yellow bandana bout to GET IT! Asking these cops if they have kids |

| Dustin Boone | Ashley Marie | 9/16/17 22:21 | They r gonna be fucked when we pull up. I bet they get out pretty quick. Watch, first thing that is happening is SWAT shooting them w sock rounds and pepper balls |
|---|---|---|---|

Defendants Korte and Boone object to these texts. Defendant Korte argues that the texts involve incidents that occurred at different times and places from the event charged in the indictment. (Doc. #298, at 9, 12), Defendant Boone states the text messages should be excluded because the texts are not intrinsic evidence, do not point to specific intent or motive to commit an unlawful act against peaceful protesters, any probative value is substantially outweighed by the unfair prejudice resulting to Defendant Boone, and constitute improper character evidence. (Doc. #302, at 2-3).

The Stockley verdict was announced on September 15, 2017. Protests started after the announcement of the verdict and occurred, as relevant here, on September 15th, 16th, and 17th. The protests on September 16th occurred, in part, in University City. This series of texts concerns the same event—protests from the Stockley verdict—and occurred in the same time frame. When Boone writes, "They r gonna be fucked when we pull up," it shows that Boone's subsequent actions regarding L.H. were willful, and were committed with a bad purpose or improper motive to disobey or disregard the law and his intent to deprive a protester, in this case L.H., of his right to be free from the use of unreasonable seizure and force. *See Colin J. Boone*, supra; *see also* Government's Proposed Jury Instructions, at 8-9 (Doc. #279).

**m. Boone's text on September 17, 2017, 10:07 AM**

| From | To | St. Louis Time | Body |
|---|---|---|---|
| Gavin | Dustin Boone | 9/17/17 10:07 | You doing ok down there with the idiots? |

14

| Dustin Boone | Gavin | 9/17/17 11:47 | Yeah. A lot of cops gettin hurt, but it's still a blast beating people that deserve it. And I'm not one of the people hurt, so I'm still enjoying each night. |
|---|---|---|---|

Defendants Korte and Boone object to these texts. Defendant Korte states the messages should be excluded because their probative value is substantially outweighed by unfair prejudice because the text messages "appear to be aimed at convincing the jury that the defendants have a proclivity for harming protesters," and they are not admissible under Rule 404(b) because the text messages consist of improper character evidence. (Doc. #298, at 12-14). Defendant Boone states the text messages should be excluded because the texts are not intrinsic evidence, do not point to specific intent or motive to commit an unlawful act against peaceful protesters, any probative value is substantially outweighed by the unfair prejudice resulting to Defendant Boone, and constitute improper character evidence. (Doc. #302, at 2-3).

Boone's text is intrinsic evidence because the text pertains to his state of mind during the protests. Boone's text, "it's still a blast beating people that deserve it" is probative of his attitude towards the protesters and his intent to assault protesters. It shows that Boone's subsequent actions regarding L.H. were willful, and were committed with a bad purpose or improper motive to disobey or disregard the law and his intent to deprive a protester, in this case L.H., of his right to be free from the use of unreasonable seizure and force. *See* Government's Proposed Jury Instructions, at 8-9 (Doc. #279).

### n. Boone's texts on September 18, 2017, at 1:00 PM

| From | To | St. Louis Time | Body |
|------|-----|---------------|------|
| Dustin Boone | Kyle Santa | 9/18/17 13:00 | I'm getting my ass chewed for the L[] h[] stuff and I basically held his head down to the ground and told him not to look as he got cuffed up. Apparently someone on the arrest team we handed him off to broke his fucking camera and smashed his phone. Unfuckingreal. |
| Kyle Santa | Dustin Boone | 9/18/17 13:04 | Ru in trouble? |
| Dustin Boone | Kyle Santa | 9/18/17 13:07 | I would think so yeah. They r pissed as fuck, Obviously he got stitches which is terrible. Jemerson also said the higher ups r LIVID about the phone and camera. He was already on the ground and everything by the time I got there, but I was there and can't deny it. |
| Dustin Boone | Kyle Santa | 9/18/17 13:11 | They seemed to be very pissed about the arrest team breaking his shit, but the stitches aren't a good thing at all |

Defendant Myers objects to this text. Defendant Myers claims that the texts contain hearsay and violate *Bruton* to the extent that Myers is the only one charged with phone-related conduct. Although the Government does not believe the texts violate *Bruton*, the Government agrees to modify the texts as follows. The following modification should resolve Defendant Myers' objections.

| From | To | St. Louis Time | Body |
|------|-----|---------------|------|
| Dustin Boone | Kyle Santa | 9/18/17 13:00 | I'm getting my ass chewed for the L[] h[] stuff and I basically held his head down to the ground and told him not to look as he got cuffed up. Apparently someone ... broke his fucking camera and smashed his phone. Unfuckingreal. |

| Kyle Santa | Dustin Boone | 9/18/17 13:04 | Ru in trouble? |
|---|---|---|---|
| Dustin Boone | Kyle Santa | 9/18/17 13:07 | I would think so yeah. They r pissed as fuck, Obviously he got stitches which is terrible. . .  He was already on the ground and everything by the time I got there, but I was there and can't deny it. |
| Dustin Boone | Kyle Santa | 9/18/17 13:11 | They seemed to be very pissed about [someone] breaking his shit, but the stitches aren't a good thing at all |

### o. Boone's texts on September 18, 2017, 3:15 PM

| From | To | St. Louis Time | Body |
|---|---|---|---|
| Dustin Boone | Randy Hays | 9/18/17 15:15 | Everyone seems to think that we r ok. Still don't like it hanging over me tho! |
| Randy Hays | Dustin Boone | 9/18/17 15:21 | Yeah, me either, just told Trevor the ass whooping can be explained. The camera thing can't and we weren't apart of that. |
| Dustin Boone | Randy Hays | 9/18/17 15:23 | Yes, trust me, I am WAY more alright with what u and I did than what the others did! I don't like that we put our hands on another cop, but the situation was a little fucked up too, wasn't JUST us. |
| Randy Hays | Dustin Boone | 9/18/17 15:28 | Wasn't just us, I don't like the beating the hell outta a cop, but the department put him in that spot, he could've announced himself any time. And he wa |
| Randy Hays | Dustin Boone | 9/18/17 15:28 | sn't complying. The camera thing is just ignorant, nothing we all haven't done and if it was a protestor it wouldn't be a problem at all.[2] |
| Dustin Boone | Randy Hays | 9/18/17 15:28 | Correct |
| Randy Hays | Dustin Boone | 9/18/17 16:06 | Did you see the email from Deeba that just came out. |

---

2 This row was flipped so that the sentence made sense.

| Dustin Boone | Randy Hays | 9/18/17 16:08 | Yeah...... woulda been nice to know about ol Mary Beth when we were walking down 14th last night. |

Defendant Myers objects to these texts. Defendant Myers argues that the following portions of the text messages should be excluded because they are hearsay and do not fall under Rule 801(d)(2)(A). "The camera thing can't and we weren't apart of that," and "Yes, trust me, I am WAY more alright with what u and I did than what the others did!" Additionally, he claims that Defendant Hays' statements are bolstering.

Rule 801(d)(2)(A) provides that statements made by a party in an individual or representative capacity are not hearsay. These statements are made by parties: Defendants Hays and Boone. The statements do not contain statements from any other person. Additionally, the statements do not bolster Defendant Hays' statements.

### p. Boone's texts on September 19, 2017, 11:00 AM

| From | To | St. Louis Time | Body |
|------|-----|------|------|
| Kyle Santa | Dustin Boone | 9/19/17 11:00 | Did [that] dumb ass even reach out to L[] and apologize? |
| Dustin Boone | Kyle Santa | 9/19/17 11:02 | Nope, he is being typical [self]. I'll tell u his whole attitude, but basically he told me if he was running around down there w the protestors and his own personal camera and didnt tell us he was a cop, then he gets what happens to a protestor. kinda said it's on him or the department but OF COURSE nothing wrong w what he did or we did. |

18

| Dustin Boone | Kyle Santa | 9/19/17 11:04 | I talked to my dad, he reached out to L[]'s lieutenant, Crews, and talked to him on my behalf. I asked to just meet with L[] after he is healed or whenever he wants to and clear the air. I don't really know what to think right now, I haven't personally had contact with L[], I don't want people thinking I'm out here just head hunting people though. |

Defendants Myers and Korte object to these texts. Defendants Myers and Korte object to Kyle Santa's statement, "Did [that] dumb ass even reach out to L[]and apologize?" because it impermissibly comments on Myers' character. Additionally, they argue that Boone's 11:02 text should be excluded as hearsay as it is Defendant Boone's characterization of Myers statement and, because it involves the phone, the statement must be attributable to Myers. (Doc.#301, at 9-10), (Doc. #298, at 3-5).

Kyle Santa's statement is not being offered for the truth of the matter but to provide context to Defendant Boone's texts. Regarding Boone's 11:02 text, he indirectly adopts the statement when Boone adds his own thoughts: "but OF COURSE nothing wrong w what he did or we did." This is evidenced by the final chat in which Boone wants to meet with L.H. to "clear the air." *Bruton* is not violated in the 11:02 statement because Myers name has been redacted and because it does not talk about the destruction of the camera, only that L.H. had a camera with him.

19

### r. Boone's texts on September 20, 2017, 8:53 PM

| From | To | St. Louis Time | Body |
|------|-----|---------------|------|
| Dustin Boone | Scott Hubbard | 9/20/17 20:53 | I would come in and make sure u park on the SOUTH SIDE of the stadium. Which is the side towards Paddy Os, we r gonna try to keep them north and west. That will leave broadway open and the routes to the highways open.<br><br>we have kept them out of a lot of places. The problem is when they start acting like fools, we start beating the shit out of everyone on the street after we give two warnings..... so I don't want you all to get stuck in the middle of that. |
| Dustin Boone | Scott Hubbard | 9/20/17 21:30 | Yeah I talked to a few of the commanders here and they all 3 said we r gonna shut shit down before it starts if they act up. U may see some people getting their ass best, but u will b able to get in without fear! Lol |

Defendants Korte and Boone object to these texts. Defendant Korte states the messages should be excluded because their probative value is substantially outweighed by unfair prejudice because the text messages "appear to be aimed at convincing the jury that the defendants have a proclivity for harming protesters," and they are not admissible under Rule 404(b) because the text messages consist of improper character evidence. (Doc. #298, at 12-14). Defendant Boone states the text messages should be excluded because the texts are not intrinsic evidence, do not point to specific intent or motive to commit an unlawful act against peaceful protesters, any probative value is substantially outweighed by the unfair prejudice resulting to Defendant Boone, and constitute improper character evidence. (Doc. #302, at 2-3).

Boone's texts are intrinsic evidence because the text pertains to his state of mind during

20

the protests. Boone's texts, "we start beating the shit out of everyone on the street after we give two warnings" and "U may see some people getting their ass best, but u will b able to get in without fear! Lol" are probative of his attitude towards the protesters and his intent to assault protesters. It shows that Boone's actions regarding L.H. were willful, and were committed with a bad purpose or improper motive to disobey or disregard the law and his intent to deprive a protester, in this case L.H., of his right to be free from the use of unreasonable seizure and force. *See Colin J. Boone*, supra; *see also* Government's Proposed Jury Instructions, at 8-9 (Doc. #279).

### s. Boone's texts on September 20, 2017, 10:36 PM

| From | To | St. Louis Time | Body |
|---|---|---|---|
| Dad | Dustin Boone | 9/20/17 22:39 | Crews texted me and said L[] is still in a lot of pain and the dr will look at the scan tomorrow. I asked if he thought I should call L[] and he said let it play out. He said you'll be able to see L[] in a day or two. Did leyshock call you outside or something |
| Dad | Dustin Boone | 9/20/17 22:40 | You didn't call him any names or anything did you |
| Dustin Boone | Dad | 9/20/17 22:42 | No I didn't say ANYTHING out of line or off color. Leyshock just saw me and asked how it all even came about. We were up by the front where nobody was around. |
| Dad | Dustin Boone | 9/20/17 22:42 | Well that's good |
| Dad | Dustin Boone | 9/20/17 22:48 | You must have put a pretty good whooping on him |
| Dustin Boone | Dad | 9/20/17 22:50 | Yeah, unfortunately. Not one I'm very proud of!! |

Defendant Myers objects to these texts. Defendant Myers claims that the statement "L[] is still in a lot of pain and the dr will look at the scan tomorrow" is hearsay and cumulative evidence of L.H.'s injuries. (Doc. #301, at 10). These statements are not being offered for the truth of the

matter asserted, but to provide context to Boone's texts that follow.

### t. Boone's texts on September 21, 2017, 5:39 PM

| From | To | St. Louis Time | Body |
|------|-----|---------------|------|
| Dustin Boone | Scott Hubbard | 9/21/17 17:39 | We don't think it will be too bad. We have some people inside the protestors that feed us info and they r basically saying they r gonna March from Keiner Plaza to the stadium. We already told the leaders if they block the streets they will get 1 warning then everyone will get locked up |
| Dustin Boone | Scott Hubbard | 9/21/17 19:29 | Here we go. Fuckin animals |

Defendants Korte and Boone object to these texts. Defendant Korte states the messages should be excluded because their probative value is substantially outweighed by unfair prejudice because the text messages "appear to be aimed at convincing the jury that the defendants have a proclivity for harming protesters," and they are not admissible under Rule 404(b) because the text messages consist of improper character evidence. (Doc. #298, at 12-14). Defendant Boone states the text messages should be excluded because the texts are not intrinsic evidence, do not point to specific intent or motive to commit an unlawful act against peaceful protesters, any probative value is substantially outweighed by the unfair prejudice resulting to Defendant Boone, and constitute improper character evidence. (Doc. #302, at 2-3).

Boone's texts are intrinsic evidence because the text pertains to his state of mind. Boone's text, "Here we go. Fuckin animals," is probative of his attitude towards the protesters. It shows that Boone's actions regarding L.H. were willful, and were committed with a bad purpose or improper motive to disobey or disregard the law and his intent to deprive a protester, in this case L.H., of his right to be free from the use of unreasonable seizure and force. *See Colin J. Boone*,

supra; *see also* Government's Proposed Jury Instructions, at 8-9 (Doc. #279).

### w. Boone's text on September 23, 2017, 6:06 PM

| From | To | St. Louis Time | Body |
|------|-----|----------------|------|
| Dustin Boone | Dad, Kayla, Kelsea, Mom, Ashley Marie, | 9/23/17 18:06 | Did everyone see the protestors getting FUCKED UP in the galleria???? That was awesome! |

Defendants Korte and Boone object to this text. Defendant Korte states the message should be excluded because its probative value is substantially outweighed by unfair prejudice because the text message "appear[s] to be aimed at convincing the jury that the defendants have a proclivity for harming protesters," and it is not admissible under Rule 404(b) because the text message consists of improper character evidence. (Doc. #298, at 12-14). Defendant Boone states the text message should be excluded because the text is not intrinsic evidence, does not point to specific intent or motive to commit an unlawful act against peaceful protesters, any probative value is substantially outweighed by the unfair prejudice resulting to Defendant Boone, and constitutes improper character evidence. (Doc. #302, at 2-3).

Boone's text is intrinsic evidence because the text pertains to his state of mind. Boone's text is probative of his attitude towards the protesters. It shows that Boone's actions regarding L.H. were willful, and were committed with a bad purpose or improper motive to disobey or disregard the law and his intent to deprive a protester, in this case L.H., of his right to be free from the use of unreasonable seizure and force. *See Colin J. Boone*, supra; *see also* Government's Proposed Jury Instructions, at 8-9 (Doc. #279).

### z. Boone's texts on September 25, 2017, 5:14 PM

| From | To | St. Louis Time | Body |
|------|-----|----------------|------|
|  |  |  |  |

| Dustin Boone | Dad | 9/25/17 17:14 | In car w fucking [officer] tonight, what's up? I don't even wanna speak around this asshole |
| Dad | Dustin Boone | 9/25/17 17:15 | Don't get involved in anything with that guy. Did you hear anything more today |
| Dustin Boone | Dad | 9/25/17 17:17 | I have not, except people saying they r hearing [the officer] busted all of his shit and kicked him in the head. Sgt. Manley asked him what happened in front of Walls and myself and he changed his story about 5 times, denied everything, then said he smashed the phone, then says he threw the camera battery..... said he doesn't remember if he kicked him in the head or not! He's a joke. |

Defendants Myers and Korte object to these texts. The Government agrees to forego using these texts. If during the course of trial, the Government believes these texts would be admissible, the Government would seek leave of Court before attempting to introduce these texts.

### aa. Dustin Boone's texts on September 25, 2017, 5:41 PM

| From | To | St. Louis Time | Body |
|------|----|----|------|
| Dustin Boone | Randy Hays | 9/25/17 17:41 | Heard anything today? |
| Randy Hays | Dustin Boone | 9/25/17 17:41 | Nothing at all, how about you. |
| Dustin Boone | Randy Hays | 9/25/17 17:46 | Just [the officer] changing his story again...... and apparently Manley heard a really fucked up account of events and said he heard everyone was gonna be forced to resign. I'm pretty concerned right now just because it's all unknown.<br><br>Manley seemed to be very unhappy w [the officer] and thought he was lying his ass off. |

| Randy Hays | Dustin Boone | 9/25/17 17:49 | That's not going to happen, they don't have just cause to do that and can't. Who is manly? |
| Dustin Boone | Randy Hays | 9/25/17 17:49 | My sergeant.   Came from spec ops and now runs our little squad |
| Randy Hays | Dustin Boone | 9/25/17 17:51 | We know what happened, we know [the officer] is lying, it's all rumors and shit now. |

Defendants Myers and Korte object to these texts. Defendant Myers objects that the 17:46 text is hearsay. Defendant Myers objects that the 17:51 text's probative value is substantially outweighed by the danger of unfair prejudice. (Doc. #301, at 11-12). Defendant Korte objects that the statements are hearsay and cumulative to Defendant Hays' anticipated testimony. (Doc. #298, at 6-7).

As stated in its Notice, Boone's texts are intrinsic evidence and show Boone's consciousness of guilt because of his concern about what will happen following his assault on L.H. Nevertheless, the Government agrees to modify the texts as shown below. If during the trial, the Government believes these texts would be admissible, the Government would seek leave of Court before attempting to introduce the omitted texts.

| From | To | St. Louis Time | Body |
|---|---|---|---|
| Dustin Boone | Randy Hays | 9/25/17 17:41 | Heard anything today? |
| Randy Hays | Dustin Boone | 9/25/17 17:41 | Nothing at all, how about you. |

| Dustin Boone | Randy Hays | 9/25/17 17:46 | Just [the officer] changing his story again...... and apparently Manley heard a really fucked up account of events and said he heard everyone was gonna be forced to resign. I'm pretty concerned right now just because it's all unknown. . . . |

### bb. Boone's texts on September 25, 2017, 8:29 PM

| From | To | St. Louis Time | Body |
|---|---|---|---|
| Dustin Boone | Dad | 9/25/17 20:29 | Hays, a guy involved in the L[] incident, got a call tonight from the association saying to call Brian Millikan tomorrow so they can get out in front of this...... why would they not call me and give me a heads up too??? My actions were not the same as Hays and [another officer] but still. Nobody knows if they called [another officer] cuz Manley told him to leave tonight, I'll tell u more about that later! |
| Dustin Boone | Dad | 9/25/17 20:40 | I also don't wanna day "hey I was involved too!" If they don't seem to think anything of my end of it all? Or does that not matter? |

Defendant Myers and Korte object to these texts. Defendant Myers objects that the following statement is hearsay: "My actions were not the same as Hays and [another officer] but still. Nobody knows if they called [another officer] cuz Manley told him to leave tonight, I'll tell u more about that later!" (Doc. #301, at 12). Defendant Korte objects because the redacted name would cause the jury to speculate about the identity of the unnamed officer and is cumulative. (Doc. #298, at 7-8).

*Bruton* is not violated because the redaction does not point to a specific officer. Boone's

texts are admissible under Rule 801(d)(2)(A). The Government does agree to redact "Nobody knows if they called [another officer] cuz Manley told him to leave tonight, I'll tell u more about that later!" as shown below. If during the trial, the Government believes the texts would be admissible, the Government would seek leave of Court before attempting to introduce the omitted texts.

| From | To | St. Louis Time | Body |
|------|-----|------|------|
| Dustin Boone | Dad | 9/25/17 20:29 | Hays, a guy involved in the L[] incident, got a call tonight from the association saying to call Brian Millikan tomorrow so they can get out in front of this...... why would they not call me and give me a heads up too??? My actions were not the same as Hays and [another officer] but still. … |
| Dustin Boone | Dad | 9/25/17 20:40 | I also don't wanna day "hey I was involved too!" If they don't seem to think anything of my end of it all? Or does that not matter? |

### dd. Boone's and Myers' texts on October 31, 2017, at 2:32 PM

| From | To | St. Louis Time | Body |
|------|-----|------|------|
| Dustin Boone | Christopher Myers | 10/31/17 14:32 | Sarge and I r out looking for shit in fountain park. He just got a call at the station from internal affairs tho so we r pulling over so he can make a call back.<br><br>Kinda makes me nervous! |
| [Another Officer] | Dustin Boone | 10/31/17 14:35 | Right! let me know what you can make out from it… |
| Dustin Boone | Christopher Myers | 10/31/17 14:35 | I will. Where r y'all at? |

| [Another Officer] | Dustin Boone | 10/31/17 14:35 | On kingshighway heading ur way |
| Dustin Boone | Christopher Myers | 10/31/17 14:36 | We r on Euclid between page and dr king |
| Dustin Boone | Christopher Myers | 10/31/17 14:39 | On the road again. Nothing concerning us. |

Defendants Myers objects to these texts. Defendant Myers objects that the texts are more prejudicial to him than to Boone. Defendant Myers also moves to redact his name from the texts.

Boone's texts show consciousness of guilt because of Boone's concern about a possible internal affairs investigation. The Government agrees to redact Christopher Myers name as follows:

| From | To | St. Louis Time | Body |
| --- | --- | --- | --- |
| Dustin Boone | [Another Officer] | 10/31/17 14:32 | Sarge and I r out looking for shit in fountain park. He just got a call at the station from internal affairs tho so we r pulling over so he can make a call back.<br><br>Kinda makes me nervous! |
| [Another Officer] | Dustin Boone | 10/31/17 14:35 | Right! let me know what you can make out from it… |
| Dustin Boone | [Another Officer] | 10/31/17 14:35 | I will. Where r y'all at? |
| [Another Officer] | Dustin Boone | 10/31/17 14:35 | On kingshighway heading ur way |
| Dustin Boone | [Another Officer] | 10/31/17 14:36 | We r on Euclid between page and dr king |
| Dustin Boone | [Another Officer] | 10/31/17 14:39 | On the road again. Nothing concerning us. |

28

### ee. Boone's texts on November 17, 2017, 7:36 PM and 7:38 PM

| From | To | St. Louis Time | Body |
|------|-----|------|------|
| Dustin Boone | Tim Strain | 11/7/17 19:36 | Yep. Mother fuckers. Dude got caught in a dead end gangway tho..... he was crying and bloody for making me fucking run that far. Thanks buddy. U good? |

| From | To | St. Louis Time | Body |
|------|-----|------|------|
| Dustin Boone | Ashley Marie | 11/7/17 19:38 | We just chased a car for a shooting, got all 4 shit heads and the gun, but I had to run forever again and feel like shit right now. Can't breathe. But dude got GOT in a dead end gangway by me and he is NOT in good shape now |

Defendants Korte and Boone object to these texts. Defendants Korte and Boone object stating that the texts are too remote in time and place of the arrest of L.H. (Doc. #298, at 9) (Doc. #302, at 3).

As stated in the Notice, Boone's texts are admissible under Rule 404(b) because the texts are probative of Boone's state of mind with respect to apprehending suspects and his actions described in the text are similar to those that occurred with L.H. The texts would be admissible for the purpose of showing Boone's motive and intent to assault suspects, and that his actions were not the result of mistake or accident. *See Colin J. Boone*, supra.

### ff. Myers' Text on November 19, 2017, 3:51 PM

| From | To | St. Louis Time | Body |
|------|----|----|------|
| Christopher Myers | Matt Manley, Walls, [Another Officer,] Andrew Kleffner | 11/19/17 15:51 | We had actually disengaged our following when we witnessed the crash and at that point we activated our equipment to check on the officer and try to fuck up the bad guy |

Defendant Myers and Korte object to the text. Defendant Myers objects that the text is too remote in time and propensity evidence. (Doc. #301, at 13). Defendant Korte also argues that the text is too remote in time and place. (Doc. #298, at 9-10).

As stated in the Notice, Myers' text is admissible under Rule 404(b). The text is probative of Myers' state of mind with respect to apprehending suspects and his actions described in the text are similar to those that occurred with L.H. The text would be admissible for the purpose of showing Myers' motive and intent to assault suspects, and that his actions were not the result of mistake or accident. *See Colin J. Boone*, supra.

### gg. Myers' texts on May 2, 2018, at 9:08 AM, and May 22, 2018, at 5:20 PM

| From | To | St. Louis Time | Body |
|------|----|----|------|
| Edin [] | Christopher Myers | 5/2/18 9:08 | We brought in 3 bodies last night but we threw Kori 2 felonies for this prob and then we got a tampering |
| Christopher Myers | Edin [] | 5/2/18 9:09 | Good stuff bud |
| Edin [] | Christopher Myers | 5/2/18 9:11 | Appreciate it boss. I about broke my fucking hand on a dude 2 nights ago |
| Christopher Myers | Edin [] | 5/2/18 9:20 | Haha employee injury report |
| Edin [] | Christopher Myers | 5/2/18 9:22 | He turned his head after I popped him a couple times and I punched him in the back of the head and my hand swelled up right away lol |

| Christopher Myers | Edin [] | 5/2/18 9:23 | Haha, the joys of nightwatch |
| Edin [] | Christopher Myers | 5/2/18 9:25 | I think that's the last time I just bare knuckle punch someone because my hand hurts. |
| Christopher Myers | Edin [] | 5/2/18 9:25 | Yea but it's fun |

| From | To | St. Louis Time | Body |
|------|----|----|------|
| Edin [] | Christopher Myers | 5/22/18 17:20 | You should be proud of your boys. Only reason the 4th caught those car jackets cause [another officer] ran one down and I ran down the other. 4th lost the 3rd one |
| Christopher Myers | Edin [] | 5/22/18 17:22 | Really, so ur good for more than just quoting RSMO's on fb huh? |
| Christopher Myers | Edin [] | 5/22/18 17:22 | Lol |
| Edin [] | Christopher Myers | 5/22/18 17:22 | Hahahaha I said be proud bitch |
| Christopher Myers | Edin [] | 5/22/18 17:23 | I am proud of you guys that's why I give you shit. U know I respect the work u guys do |
| Christopher Myers | Edin [] | 5/22/18 17:24 | Just gotta drop the hammer on you when u talk shit |
| Christopher Myers | Edin [] | 5/22/18 17:24 | Bitch |
| Edin [] | Christopher Myers | 5/22/18 17:24 | I'm a young aspiring chris Myers |
| Christopher Myers | Edin [] | 5/22/18 17:24 | Lol |
| Christopher Myers | Edin [] | 5/22/18 17:24 | Oh god... said no one ever |
| Edin [] | Christopher Myers | 5/22/18 17:25 | Hit the 14 year old so hard with my pistol across his face it flew out of my hand lol |
| Christopher Myers | Edin [] | 5/22/18 17:25 | Stick with me and I'll take you to the top |
| Christopher Myers | Edin [] | 5/22/18 17:25 | Damn bro, he was 14! |

| Edin [] | Christopher Myers | 5/22/18 17:25 | Yeah lol and [another officer] caught the driver who's 19 |
| Christopher Myers | Edin [] | 5/22/18 17:26 | He just needed a stern talking too, a friendly example of a policemen who could be a positive figure to Jim and bridge the gap between young minority males and police… |
| Christopher Myers | Edin K[] | 5/22/18 5:26 | *him* not Jim |
| Edin [] | Christopher Myers | 5/22/18 17:29 | Lmao yeah. Even [the] liberal [officer] beat the shit out of his guy with his flashlight lol |
| Christopher Myers | Edin [] | 5/22/18 17:31 | Haha |

Defendants Myers and Korte object to these texts. Defendant Myers objects that the event in the text is too remote to be probative of Myers' state of mind, motive or intent because they occurred more than 7 months after the offense, lack relevance to Myers conduct, and their probative value substantially outweighed by the danger of unfair prejudice. (Doc. #301, at 13-14). Defendant Korte also argues that the texts are too remote in time and place. (Doc. #298, at 9-10).

As stated in the Notice, Boone's texts are admissible under Rule 404(b) because the texts are probative of Boone's state of mind with respect to apprehending suspects and his actions described in the text are similar to those that occurred with L.H. Regarding the length of time and similarity of incidents, the time period here is far less than the four-year time period permitted in the *Colin J Boone* case. Nor is there any requirement that the incidents be identical. *See Colin J. Boone*, supra. The texts would be admissible for the purpose of showing Boone's motive and intent to assault suspects, and that his actions were not the result of mistake or accident. *See Colin J. Boone*, supra.

Edin []'s texts are not being offered for the truth of the matter asserted but to supply

32

context to Myers' texts. For the purposes of the filing, Edin's last name has been redacted, and an officer's name has been replaced with [another officer].

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney

 _/s/ Robert F. Livergood_
ROBERT F. LIVERGOOD, #35432MO
CARRIE COSTANTIN #35925
Assistant United States Attorneys
111 S. 10th Street, Rm. 20.333
St. Louis, Missouri 63102
(314) 539-2200

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on 26th of February, 2021, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all parties of record.

/s/*Robert F. Livergood*
ROBERT F. LIVERGOOD, #35432MO
Assistant United States Attorney
