UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | No.: S1-4:18-cr-00975-CDP (JMB) |
| ) | |
| DUSTIN BOONE, ) | |
| CHRISTOPHER MYERS, and ) | |
| STEVEN KORTE, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS STEVEN KORTE'S AND CHRISTOPHER MYERS'
SUPPLEMENTAL JOINT PROPOSED JURY INSTRUCTIONS**

COME NOW Defendant, Steven Korte ("Defendant" or "Korte"), by and through undersigned counsel, John P. Rogers, and Defendant Christopher Myers, by and through undersigned counsel, N. Scott Rosenblum, and hereby submit the following supplemental proposed jury instructions.

Respectfully submitted,

ROGERS, SEVASTIANOS & BANTE, LLP

By: /s/ John P. Rogers
JOHN P. ROGERS, #38743MO
Attorney for Defendant Korte
120 S. Central Avenue, Suite 160
Clayton, Missouri 63105
(314) 354-8484
Facsimile 354-8271
jrogers@rsblawfirm.com

                    ROSENBLUM, SCHWARTZ & FRY, P.C.

By:    */s/ N. Scott Rosenblum*
       N. SCOTT ROSENBLUM # 33390MO
       Attorney for Defendant Myers
       120 South Central Avenue, Suite 130
       Clayton, Missouri 63105
       (314) 862-4332/Facsimile 862-8050
       srosenblum@rsflawfirm.com

**CERTIFICATE OF SERVICE**

    By signature below, I hereby certify that on March 15, 2021, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Assistant United States Attorneys Carrie Constantin and Robert Livergood.

                                                                        */s/ John P. Rogers*

**Instruction No. _____**

The value of identification testimony depends on the opportunity the witness had to observe the person in question at the time at issue and to make a reliable identification later. Eyewitness identification must be evaluated with particular care.

In evaluating such testimony you should consider all of the factors mentioned in these instructions concerning your assessment of the credibility of any witness, and you should also consider, in particular, whether the witness had an adequate opportunity to observe the person in question at the time at issue and whether the identification is reliable.  You may consider, in that regard, such matters as the witness's eyesight and ability to observe the person in question under the circumstances, the length of time the witness had to observe the person in question, any intoxication or other impairment of the witness at the time the witness observed the person in question, the prevailing conditions at that time in terms of lighting, visibility or distance and the like, whether the witness had known or observed the person at earlier times, and any description provided by the witness after the event and before identifying the defendant. Factors that bear on the likelihood of misidentification include the passage of time between the witness's exposure to the person in question and identification of the defendant, whether the witness was under stress when he first encountered the person in question, whether the person in question carried a weapon, and the race of the person in question and the witness.

In general, a witness uses his or her senses to make an identification.  Usually the witness identifies a person by the sense of sight -- but this is not necessarily so, and other senses may be used.

You should also consider whether the identification made by the witness after the event at issue was the product of his own recollection.  You may consider, in that regard, the strength of the identification, and the circumstances under which the identification was made, keeping in mind that a witness may be certain but mistaken.

You may also take into account that an identification made by picking the defendant out of a  group of similar individuals is generally more reliable than one which results from the presentation of  the defendant alone to the witness. In that regard, you may consider whether the identification was made in a live or photographic lineup. In determining the reliability of the lineup, you should consider whether the makeup of the lineup suggested to the witness who should be selected. You should consider the procedures used by law enforcement in conducting the lineup and whether those procedures affected the reliability of the witness's identification.

If the identification by the witness may have been influenced by the circumstances under which the defendant was presented to him for identification, you should scrutinize the identification with great care.

You may take into account any occasions in which the witness failed to make an identification of the defendant, or made an identification that was inconsistent with his identification at trial. The government has the burden of proving identity beyond a reasonable doubt.  It is not essential that the witness be free from doubt as to the correctness of the identification.  However you, the jury, must be satisfied beyond a reasonable doubt of the accuracy of the identification of the defendant before you may find him guilty.  If you are not convinced beyond a reasonable doubt that the defendant was the person who committed the crime, you must find the defendant not guilty.

8th Circuit Model Jury Instruction 4.08, as modified

Offered by Defendants

**Instruction No. \_\_\_\_**

You have heard testimony that Defendant Steven Korte made statements to Special Agent Darren Boehlje. It is for you to decide:

*First*, whether Defendant Steven Korte made the statements; and

*Second*, if so, how much weight you should give to them.

In making these two decisions, you should consider all of the evidence, including the circumstances under which the statements may have been made.

8th Circuit Model Jury Instruction 2.07, as modified

Offered by Defendants

(to be followed by 8th Circuit Model Jury Instruction 2.15, per notes on use 1)